| | |
|---|---|
| JOHN LEWIS WRAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent.[1] ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner John Lewis Wray, Jr.'s Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 3) and Motion for Petition to Be Granted (Doc. No 4).

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who on June 13, 2012, in Cleveland County Superior Court, was convicted after a second jury trial of possession with intent to sell or deliver ("PWISD") cocaine, sale of cocaine, and attaining the status of an habitual felon. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013). The trial court consolidated the offenses of PWISD cocaine and sale of cocaine and sentenced defendant to 142-180 months incarceration. Id. Petitioner appealed and on August 6, 2013, the North Carolina Court of

---

[1] The Petition originally named "Attorney General of the State of North Carolina" as Respondent. (Doc. No. 1.) Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254, and by operation of Federal Rule of Civil Procedure 25(d) (applicable to this proceeding pursuant to Rule 12 of the Rules Governing Section 2254 Cases), Frank L. Perry, Secretary of the Department of Public Safety, has been substituted as Respondent.

Appeals found no error. Id. Petitioner filed a petition for discretionary review in the Supreme Court of North Carolina, which was denied on March 6, 2014. State v. Wray, 755 S.E.2d 615 (N.C. 2014).

On November 25, 2013, Petitioner filed a pro se petition for writ of habeas corpus pursuant to § 2254 in the federal district court. (Wray v. North Carolina, 1:13-cv-00310-FDW, Doc. No. 1). In it, Petitioner raised the following grounds for relief: (1) his state and federal constitutional rights were violated because he was never indicted; (2) because he was out on bond he could not have been indicted; and (3) the trial court lacked jurisdiction to try him because there was no indictment. (1:13-cv-00310, Doc. Nos. 1, 1-1). The State moved for summary judgment, and on March 11, 2014, this Court granted the State's motion, and dismissed the petition. (1:13-cv-00310, Doc. 15).

The Court found that Petitioner's claims had no basis in fact and were procedurally barred. (1:13-cv-00310, Doc. 15 at 6-7). Of particular relevance, the Court found that documents provided by the State included copies of the "true bill" indictments by a Cleveland County Grand Jury for PWISD cocaine, sale of cocaine, and attaining the status of an habitual felon, that were included in the North Carolina appellate court "Record on Appeal." (1:13-cv-00310, Doc. 15 at 6 (citing Resp.'s Ex. #2 4-5, Doc. No. 9-3).) Petitioner did not appeal the Court's dismissal of his habeas petition.

On March 5, 2015, Petitioner filed a second habeas petition pursuant to § 2254. (Wray v. State of North Carolina County of Cleveland, 1:15cv0049-FDW, Doc. No. 1.) In it he raised the same grounds for relief that he raised in his previous federal habeas petition. On March 24, 2015, the Court dismissed the Petition as an unauthorized, successive petition pursuant to 28

U.S.C. § 2244(b)(3)(A). (1:15cv0049-FDW, Doc. No. 3.) Petitioner did not appeal the Court's dismissal of his habeas petition.

On March 9, 2016, Petitioner filed the instant § 2254 habeas Petition, in which he again attacks his 2012 convictions and raises the same grounds for relief that he raised in his two previous federal habeas petitions. (Doc. No. 1.) He also has filed a motion to proceed in forma pauperis. (Doc. No. 3.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner has filed two prior habeas petitions challenging his 2012 convictions and sentences (1:13-cv-00310; 1:15cv49). With respect to the instant habeas petition, Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second

or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner's Motion to Proceed without prepayment of fees and costs will be denied. As noted, this is Petitioner's second unauthorized § 2254 habeas petition. Petitioner has not appealed any of the Court's previous orders; nor has he made any attempt to obtain authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition. Instead, he has simply filed repetitive habeas petitions in the District Court. Indeed, the Court notes for the record that Petitioner has another pending § 2254 habeas petition (1:16cv75-FDW) in which he repeats the same allegations raised in his other petitions. The Court finds that this is an abusive practice on Petitioner's part that should not be encouraged by continuing to allowing him to file free-of-charge.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED**;

3. Petitioner's Motion for Petition to be Granted (Doc. No. 4) is **DENIED**;

4. The Clerk of Court shall substitute Frank L. Perry for Attorney General of the State of North Carolina as Respondent; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 8, 2016

Frank D. Whitney
Chief United States District Judge